IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELANO CURRIE, | No. C 06-7960 WHA (PR) |
| Petitioner, | **DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| AYERS, Warden, | |
| Respondent. | |

This is a habeas corpus case filed by a state prisoner pursuant to 28 U.S.C. 2254. The court ordered respondent to show cause why the writ should not be granted. Respondent has filed an answer and a memorandum of points and authorities in support of it, and has lodged exhibits with the court. Petitioner has responded with a traverse. For the reasons set forth below, the petition is **DENIED**.

### STATEMENT

In 2005 an Alameda County jury convicted petitioner of a domestic violence offense and related charges. He was sentenced to a four-year term for inflicting corporal injury on a cohabitant, a sixteen-month consecutive term for unlawfully driving or taking away a motor vehicle, and a one-year consecutive term for a prison prior, for a total term of six years and four months. Respondent concedes that petitioner has exhausted the issues presented here.

///

**DISCUSSION**

**A.   STANDARD OF REVIEW**

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority, that is, falls under the first clause of § 2254(d)(1), only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falls under the second clause of § 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

"Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El*, 537 U.S. at 340. This presumption is not altered by the fact that the finding was made by a state court of appeals, rather than by a state trial court. *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981); *Bragg v. Galaza*, 242 F.3d 1082,

1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). A petitioner must present clear and convincing evidence to overcome § 2254(e)(1)'s presumption of correctness; conclusory assertions will not do. *Id.*

Under 28 U.S.C. § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir.2000).

**B.  ISSUES PRESENTED**

Petitioner makes the following claims: (1) the imposition of consecutive terms violated his Sixth Amendment right to a jury; and (2) the reasonable doubt jury instructions violated his rights to due process and to a jury. Both of these claims are without merit, however, because higher courts whose decisions are binding on this Court have rejected the claims.

In his first issue petitioner contends that the United States Supreme Court cases *Apprendi v. New Jersey*, 530 U.S. 446 (2000), and *Blakely v. Washington*, 524 U.S. 296 (2004), have changed the traditional rule that a judge, rather than a jury, may constitutionally decide whether sentences should be served consecutively or concurrently. This argument was recently rejected in *Oregon v. Ice*, 129 S.Ct. 711 (2009), where the Supreme Court held: " [I]n light of historical practice and the authority of States over administration of their criminal justice systems, [] the Sixth Amendment does not exclude Oregon's choice [to have judges rather than juries decide facts leading to imposition of consecutive rather than concurrent sentences]." *Id.* at 714-15. This claim is without merit.

In his second claim petitioner asserts that the trial court's use of CALJIC 2.90, defining "beyond a reasonable doubt," violated his due process rights. This argument was rejected by the Ninth Circuit Court of Appeals in *Lisenbee v. Henry*, 166 F.3d 997, 999-1000 (9th Cir.

1999). This claim also is without merit.

Because petitioner has not shown a violation of his constitutional rights as to either of his issues, the decisions of the state appellate courts rejecting these claims could not have been contrary to, or an unreasonable application of, clearly-established Supreme Court authority.

## CONCLUSION

The petition for a writ of habeas corpus is **DENIED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: April   1  , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.06\CURRIE7960.RUL.wpd

4